**UNITED STATES ORDNANCE, INC., Appellant**

v.

**DEPARTMENT OF STATE, et al., Appellees.**

No. 06–5180.

United States Court of Appeals, District of Columbia Circuit.

May 4, 2007.

■■■

Robert Ernest Sanders, Law Office of Robert E. Sanders, Winston–Salem, NC, Joseph Roll Conte, Law Office of Joseph R. Conte, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, John Francis Henault, Jr., Jeffrey Allen Taylor, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: ROGERS, TATEL and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the appeal be dismissed as moot and the judgment of the district court be vacated.

By letter of April 6, 2007, the State Department advised appellant that it had decided not to institute a formal administrative enforcement proceeding, that it had decided to terminate the policy of denial of appellant's applications for licenses to export defense articles and defense services, effective fourteen days from the date of the letter, and that, at that time, the Directorate of Defense Trade Controls would resume processing appellant's applications and make license decisions on a case-by-case basis. Appellant agrees that the decisions reflected in the letter resolve the immediate issues of the appeal, although not the broader issue of whether the Department's denial of a license to export defense articles under the Arms Export Control Act, 22 U.S.C. § 2751 *et seq.*, and its implementing regulations, the International Traffic in Arms Regulations, 22 C.F.R. §§ 120–130, is subject to the Administrative Procedures Act ("APA"). Because there is no case or controversy for the court to resolve regarding the application of the APA, the court must dismiss the appeal as moot. *See Allen v. Wright,*

**4**

468 U.S. 737, 750–51, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C.Cir.1997). The decisions reflected in the letter demonstrate that there is no reasonable expectation of repetition of the challenged actions, based on the draft charges. Appellant has pointed to nothing to suggest otherwise and because he has failed to show any continuing harm from the original Department actions, he cannot avoid dismissal of the appeal under the voluntary cessation doctrine. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). Because the case has become moot during the pendency of the appeal, the court, with the support of the parties, vacates the opinion of the district court, *U.S. Ordnance, Inc. v. U.S. Dep't of State*, 432 F.Supp.2d 94 (D.D.C.2006). *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.